IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00122-BNB

DAVID JACKSON,

       Plaintiff,

v.

VERA JACKSON,
CHIEF JUSTICE MARY J. MULLARKEY,
CHIEF JUDGE JANICE B. DAVIDSON,
JUDGE SANDRA I. ROTHENBERG,
JUDGE BRIAN WHITNEY,
JUDGE R. MICHAEL MULLINS,
STAFF UNNAMED ATTORNEYS,
MAGISTRATE ELIZABETH D. LEITH,
JUDGE LESLIES M. LAWSON,
JUDGE CONNIE L. PETERSON,
MAGISTRATE LAWRENCE BOWLING, and
THE CITY OF AURORA, Colorado,

       Defendants.

## ORDER OF DISMISSAL

Plaintiff David Jackson initiated this action by filing *pro se* a Complaint. Mr. Jackson also has filed a number of motions, including a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* motion will be granted. The other motions will be denied as moot.

The Court must construe the Complaint liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Jackson primarily is challenging the validity of the divorce decree and various other orders entered in Denver District Court case number 86DR4718. Although it is not entirely clear, Mr. Jackson also may be challenging one or more orders entered in Arapahoe County District Court case number 01DR2767, another state court domestic relations case. Mr. Jackson contends in the Complaint that his federal constitutional rights were violated in the state court proceedings. The named Defendants in this action include Mr. Jackson's ex-wife, the chief justice of the Colorado Supreme Court, two judges of the Colorado Court of Appeals, four Denver District Court judges, a magistrate in the Denver District Court, a former deputy district attorney, unnamed staff attorneys for the Colorado Court of Appeals, and the City of Aurora. As relief Mr. Jackson asks the Court to review state court orders and declare those orders unconstitutional.

Mr. Jackson previously has challenged in this Court various orders entered in his 1986 state court divorce action. *See Jackson v. Jackson*, No. 05-cv-02033-WYD-CBS (D. Colo. May 19, 2006), *aff'd as modified*, 195 F. App'x 745 (10th Cir. 2006); *Jackson v. Jackson*, No. 07-cv-01439-ZLW (D. Colo. Aug. 29, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Davidson*, No. 07-cv-01763-ZLW (D. Colo. Aug. 30, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 07-cv-

01871-ZLW (D. Colo. Sept. 20, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008). Each of these prior cases was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Because it was not clear whether the state court proceedings had been reopened, the orders dismissing 07-cv-01439-ZLW, 07-cv-01763-ZLW, and 07-cv-01871-ZLW alternatively relied on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Mr. Jackson did not argue on appeal that his divorce decree was not final and, therefore, the United States Court of Appeals for the Tenth Circuit concluded that 07-cv-01439-ZLW, 07-cv-01763-ZLW, and 07-cv-01871-ZLW properly were dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Jackson v. Davidson*, 272 F. App'x 722 (10th Cir. 2008).

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Jackson again is asking the Court to review and reverse orders entered in his Colorado state court cases. As has been explained to Mr. Jackson repeatedly, the *Rooker-Feldman* doctrine provides that

federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably

intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Jackson is asking the Court to review state court orders and declare those orders unconstitutional. Therefore, the Court finds that the Complaint, like the prior actions filed by Mr. Jackson that are listed above, must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Mr. Jackson is warned that the Court can impose sanctions if he persists in filing repetitive complaints. Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 filed on January 14, 2010, is granted. It is

FURTHER ORDERED that the Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 10 day of February, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00122-BNB

David Jackson
PO Box 471411
Aurora, CO 80047

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/10/10

                         GREGORY C. LANGHAM, CLERK

                         By: _____
                                 Deputy Clerk