IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00122-ZLW

DAVID JACKSON,

    Plaintiff,

v.

VERA JACKSON,
CHIEF JUSTICE MARY J. MULLARKEY,
CHIEF JUDGE JANICE B. DAVIDSON,
JUDGE SANDRA I. ROTHENBERG,
JUDGE BRIAN WHITNEY,
JUDGE R. MICHAEL MULLINS,
STAFF UNNAMED ATTORNEYS,
MAGISTRATE ELIZABETH D. LEITH,
JUDGE LESLIES M. LAWSON,
JUDGE CONNIE L. PETERSON,
MAGISTRATE LAWRENCE BOWLING, and
THE CITY OF AURORA, Colorado,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, David Jackson, filed *pro se* on February 18, 2010, a combined "Motion for Reconsideration and New Trial Pursuant to Fed. R. Civ. P. 59 and Rule 56, Rule 60(b)(1) and Motion to Recuse Judge Weinshienk and Judge Arguello From Sitting on the Reconsideration Review." The Order of Dismissal and the Judgment were entered in this action on February 10, 2010. The Court must construe the combined motion liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the combined motion will be denied.

The Court first will address the portion of the combined motion in which Mr. Jackson seeks the recusal. Mr. Jackson contends that recusal is appropriate because the Order of Dismissal was based on unsubstantiated hearsay evidence. The Court will consider the request to recuse pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Jackson's allegation that the Court based its ruling in this action on unsubstantiated hearsay evidence is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the request to recuse will be denied.

The Court next will address the portion of the combined motion in which Mr. Jackson asks the Court to reconsider the order dismissing this action. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Jackson's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 10, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are:

3

(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Court determined that the *Rooker-Feldman* doctrine applies because Mr. Jackson is asking the Court to review state court orders pertinent to two Colorado state court domestic relations cases and declare those orders unconstitutional. In addition to determining that the instant action is barred by the *Rooker-Feldman* doctrine, the Court noted that Mr. Jackson previously has filed a number of other cases in this Court that were dismissed pursuant to the *Rooker-Feldman* doctrine because he was challenging orders in the same state court cases. The Court also warned Mr. Jackson that the Court can impose sanctions if he persists in filing repetitive complaints.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jackson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Jackson fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Although Mr. Jackson argues that this action is not barred by the *Rooker-Feldman* doctrine because his state court cases are not yet final, the Court disagrees.

Furthermore, even assuming this action was not barred by the *Rooker-Feldman* doctrine, the Court would abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), an alternative ground on which three of Mr. Jackson's prior cases challenging orders in his state court cases also were dismissed. See *Jackson v. Jackson*, No. 07-cv-01439-ZLW (D. Colo. Aug. 29, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Davidson*, No. 07-cv-01763-ZLW (D. Colo. Aug. 30, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 07-cv-01871-ZLW (D. Colo. Sept. 20, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the combined "Motion for Reconsideration and New Trial Pursuant to Fed. R. Civ. P. 59 and Rule 56, Rule 60(b)(1) and Motion to Recuse Judge Weinshienk and Judge Arguello From Sitting on the Reconsideration Review" filed on February 18, 2010, is denied in its entirety.

DATED at Denver, Colorado, this __24th__ day of __February__, 2010.

BY THE COURT:

*(signature)*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00122-ZLW

David Jackson
PO Box 471411
Aurora, CO 80047

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __2/24/10__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk